# United States District Court
## Middle District Of Florida
### Orlando Division

VIRIDIANA SILVA,

                Plaintiff,

v.                                      Case No:   6:20-cv-782-PGB-LRH

ANTHONY WONG SHUE, JUAN
ABREU and CITY OF ORLANDO,

                Defendants.

_____

### Report and Recommendation

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration on the following motion filed herein:

> **MOTION:**  **RENEWED PETITION TO APPROVE ATTORNEY AD LITEM REPORT (Doc. 58)**
>
> **FILED:**     **September 21, 2021**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    BACKGROUND.

Plaintiff Viridiana Silva, as Personal Representative of the Estate of Juan Silva, filed suit against Defendants alleging claims of excessive force under 42 U.S.C. § 1983 and claims of negligence under Florida's Wrongful Death Act, Fla. Stat. §§ 768.16 and 768.28, following the shooting death of the Decedent, Juan Silva.

(Doc. 38).   The Second Amended Complaint is the operative pleading in this case. (*Id*.).

On July 27, 2021, Plaintiff notified the Court that the parties reached a settlement, the proceeds of which are to be allocated among the statutory survivor claimants, including Decedent's minor children, O.A.S.; R.F.S.; C.A.S.; A.S.; J.D.S.; and J.A.S.   (Doc. 50; *see* Doc. 51).   Pursuant to Federal Rule of Civil Procedure 17(c) and Florida Statutes § 744.3025(1), at Plaintiff's unopposed request, the Court appointed Attorney Eric Milles, Esq. as the Guardian/Attorney Ad Litem to review the settlement to ensure it was in the best interest of the minor children.   *See* Docs. 54-55.   The undersigned ordered Mr. Milles to file a report with the Court on or about September 3, 2021 concerning the reasonableness of the settlement, including the proposed settlement amount and the manner in which the proceeds are intended to be distributed.   (Doc. 55).   The undersigned further ordered that "[f]iling of the settlement agreement with the Court for review shall be deferred, pending the anticipated motion for approval of the guardian ad litem's report." (*Id*.).

By the present motion, which Defendants do not oppose, Plaintiff seeks approval of Mr. Milles' Attorney Ad Litem report.   (Doc. 58).[1]   According to his

---

[1] The undersigned denied without prejudice Plaintiff's original motion for approval of the attorney ad litem report (Doc. 56) for failure to comply with Local Rule 3.01(g) or the typography requirements of Local Rule 1.08(a).   (Doc. 57).

report, Mr. Milles reviewed the docket in this case in its entirety as well as discovery exchanged between the parties and numerous pieces of evidence, including but not limited to: the Florida Department of Law Enforcement ("FDLE") Investigative Summary, the Orlando Police Department ("OPD") Internal Affairs Investigation Report, FDLE and Internal Affairs statements, witness video of the subject shooting, transcripts of all depositions taken at the time of settlement, body worn camera footage from the subject shooting, autopsy report, OPD policies and procedures, expert reports, photographs, eyewitness statements, bank statements evidencing money sent from the Decedent to Plaintiff, and several settlement documents.   (*Id.*, at 4-7).[2]  After reviewing these materials, Mr. Milles opined that "Plaintiff's case has several obstacles regarding both liability and damages and that each of those obstacles presents significant uncertainty and risk if this case were to go to trial by jury.   Additionally, there are also significant issues and risks associated with the defense of this case for the Defendants."   (*Id.*, at 7).   Mr. Milles opined that in light of the "various uncertainties regarding liability and damages," the proposed settlement of this case, which consists of a $125,000.00 monetary settlement in exchange for a release of all claims against Defendants, is in "everyone's best

---

[2] Pinpoint citations to the motion (Doc. 58) refer to the pagination assigned by CM/ECF, rather than the internal page numbers provided by Plaintiff.

interest in this matter, including the minors." (*Id.*, at 8).   Mr. Milles further explained in his report that he reviewed the contingency fee agreement between Plaintiff and Plaintiff's counsel, along with a breakdown of the costs associated with this matter, and that the attorneys' fees and costs, which equal $70,276.07 ($50,000.00 in attorneys' fees and $20,276.07 in costs) "appear reasonable and customary." (*Id.*, at 8 n.1).

After accounting for attorneys' fees and costs, there is $52,723.93 in net settlement proceeds to be apportioned amongst the survivors.   (*Id.*, at 8).   Mr. Milles explained that $30,000.00 of these net proceeds will be split evenly amongst each of the minors' claims, resulting in $5,000.00 being apportioned to each minor. (*Id.*).   Each $5,000.00 payment will be being placed into a structured annuity account for the sole benefit of the respective minor, who shall receive the full amount in a lump sum payment upon turning eighteen or shortly thereafter. (*Id.*, at 8-9).   The one exception to this is the payment to J.A.S.   Mr. Milles explained, "[i]n order to place the $5,000.00 funds into annuity accounts, there is a small assignment and administration fee for J. A. S.   Due to the age of J. A. S. (he is 16), coupled with the fact interest rates are currently at historical lows, the monetary funds being placed into the annuity account for J. A. S. will not have enough time to appreciate to an amount more than $5,000.00 by the time he turns 18 years of age." (*Id.*, at 8).   Mr. Milles stated that because the alternative option of

appointing a financial guardian over the funds would have additional costs for J.A.S., "the minor's parent and undersigned counsel are in agreement that placing the funds into protected annuity accounts is in the best interest of the minor." (*Id.*, at 9).

With respect to the remaining $22,723.93, Mr. Milles explained that this amount will be apportioned to Plaintiff Viridiana Silva. (*Id.*). Mr. Milles opined that the proposed apportionment is fair for all parties involved, considering that the larger monetary apportionment to Plaintiff Viridiana Silva "will help offset the financial burden created when she stopped receiving regular monetary support from Juan Silva at his death" and that her apportionment will not only benefit her, but will also benefit O. A. S., R. F. S., C. A. S., A. S. and J. D. S., all of whom reside with her. (*Id.*). Mr. Milles concludes that in his opinion, the proposed settlement is in the best interest of the minors. (*Id.*, at 9-10).

Upon review of Mr. Milles's report, the undersigned held a hearing on this matter on October 15, 2021, at which counsel for Plaintiff, counsel for Defendants, and Mr. Milles were in attendance. (Doc. 62). At the hearing, counsel for Plaintiff and Defendants confirmed that they agree to the proposed settlement in its entirety. (*Id.*). In addition to reiterating his opinion that the settlement is reasonable and the basis for that opinion, Mr. Milles stated that on October 14, 2021, he spoke with the parents of each of the minor children and confirmed that they understand all of the

terms of the settlement, are satisfied with their representation to date, and agree to the terms of the settlement.   (*Id.*).   Specifically, with respect to J.A.S., Mr. Milles stated that he spoke to the minor's mother,[3] who understood that J.A.S. would receive slightly less than $5,000.00 in settlement funds because of the short timeframe before he reaches the age of majority, and that J.A.S.'s mother expressed full understanding and was agreeable to the proposed settlement, through which J.A.S. will receive the structured lump sum payment at age eighteen.   (*Id.*).[4]

Mr. Milles also explained that the attorneys' fees sought by Plaintiff's counsel, which is a 40% contingency fee, is customary, and that the costs incurred by Plaintiff's counsel in this action include expert witness discovery, which Mr. Milles explained is a large expense in an action such as the present case.   (*Id.*). With regard to the mechanism through which the settlement funds are to be disbursed, Mr. Milles and counsel for Plaintiff explained that the funds will go into a structured annuity account, with the settlement funds to be transmitted directly to the annuity issuer, a life insurance company.   (*Id.*).   Per the Court's order on

---

[3] At the hearing, Mr. Milles informed the undersigned that J.A.S.'s mother is not Plaintiff Viridiana Silva.

[4] As the Court has previously pointed out, *see* Docs. 53, 55, J.A.S. was not mentioned in any of the pleadings in this case but is included in the settlement agreement.   At the hearing on October 15, 2021, Mr. Milles stated that he sees no issues with settling this minor's claim, noting that it is routine in litigation for individuals who are not parties to a case to nonetheless be included in a settlement.   (Doc. 62).   Further, counsel for both parties indicated that they have no issues with J.A.S.'s inclusion in the settlement.   (*Id.*).

October 15, 2021 (Doc. 63), the parties have filed a copy of the proposed settlement agreement on the public docket.   (Doc. 64).

## II.     ANALYSIS.

This Court has noted that in determining if a settlement agreement should be approved in a case involving minors, "'[t]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties.'"   *Barrett v. FECNA Am., Inc.*, No. 6:18-cv-2200-Orl-78GJK, 2020 WL 3841295, at *1 (M.D. Fla. May 20, 2020) (alteration in original) (quoting *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991)).   In light of the Attorney Ad Litem's report and the representations of the Attorney Ad Litem and counsel for parties at the hearing, the undersigned finds that the parties' proposed settlement is fair, adequate, and reasonable and is not the product of collusion of the parties, and thus is in the best interest of the minor children.   *See Fall v. Curran*, No. 3:19-cv-609-J-39JBT, 2020 WL 9597491, at 1, 2 n. 6 (M.D. Fla. Dec. 23, 2020), *report and recommendation adopted*, 2021 WL 1969440 (M.D. Fla. Jan. 8, 2021) (finding that proposed settlement of minor's claim to be fair, adequate, and reasonable where total settlement was $25,000.00, and after attorneys' fees and costs the net recovery was $12,382.38, where no evidence of collusion was presented); *Gonzalez v. Ford Motor Co.*, No. 6:08-cv-315-Orl-35DAB, 2009 WL 2144462, at *1-2 (M.D. Fla. July 16, 2009) (approving settlement of case involving minor based on recommendation of

court-appointed guardian ad litem where minor would receive 25% of net settlement proceeds and parent would receive 75%); *Doe v. Sch. Bd. of Brevard Cnty.*, No. 6:18-cv-1114-Orl-41TBS, 2019 WL 1547307, at *1-2 (M.D. Fla. Apr. 1, 2019), *report and recommendation adopted*, No. 6:18-cv-1114-Orl-41TBS, 2019 WL 1531923 (M.D. Fla. Apr. 9, 2019) (finding that $25,000.00 settlement of minor's claim was fair, reasonable, and in the best interest of the minor despite recognizing that settlement value of case was "significantly greater" than $25,000.00, where no evidence of collusion was presented and counsel for plaintiff represented that facts of case meant defendant would likely prevail on summary judgment).

As a final note, counsel for Plaintiff has represented that Independent Life Insurance Company, the annuity issuer for the proposed settlement funds, requires the following language to be contained within the Court's order approving the settlement as a condition of funding the structured annuity:

**CONSIDERATION:**

IT IS HEREBY APPROVED that the Released Parties fund immediate and future periodic payments as follows:

a) Payments due at the time of settlement as follows:

$95,000.00 payable to Trust Account of Barrett Nonni Homola & Ferraro fbo Viridiana Silva, inclusive of attorney's fees and costs.

b) Periodic payments made according to the schedule as follows (the "Periodic Payments"):

Payable to J. A. S. ("Payee")

$4,954.97 guaranteed lump sum payable on 08/05/2024.

Payable to C. A. S. ("Payee")
$5,188.15 guaranteed lump sum payable on 07/26/2026.

Payable to A. S. ("Payee")
$5,290.71 guaranteed lump sum payable on 03/24/2027.

Payable to J. D. S. ("Payee")
$5,479.55 guaranteed lump sum payable on 05/21/2028.

Payable to O. A. S. ("Payee")
$5,727.52 guaranteed lump sum payable on 10/26/2029.

Payable to R. F. S. ("Payee")
$6,430.70 guaranteed lump sum payable on 09/03/2033.

The future Periodic Payments above were calculated based upon a projected funding date of 11/15/2021. Any delay in funding the Periodic Payments may result in a delay of the Periodic Payment dates or change in the Periodic Payment amounts that shall be recorded in the Settlement Agreement, Qualified Assignment document and annuity contract without the need of obtaining an amended Court Order.

Pursuant to Florida State Statutes §626.99296, the total cost to the Released Parties for the Periodic Payments portion of the settlement is $30,000.00, disclosure of which has been required as a condition of settlement. No part of the sum being paid by the Released Parties to provide the Periodic Payments as set forth herein may be paid directly to the Petitioners and/or Payees, inasmuch as the parties negotiated for a structured settlement as being in the best interest of J. A. S., C. A. S., A. S., J. D. S., O. A. S. and R. F. S., minors.

The Periodic Payments cannot be accelerated, deferred, increased or decreased by the Petitioners or any Payee, nor shall the Petitioners or any Payee have the power to sell or mortgage or encumber same, or any part thereof, nor anticipate the same, or any part hereof, by assignment or otherwise. Transfer of the Periodic Payments is prohibited by the terms of the structured settlement and may otherwise

be prohibited or restricted under applicable law. Any transfer of the Periodic Payments by the Petitioners or Payee may subject the Petitioners and/or Payee to serious adverse tax consequences.

**ASSIGNMENT:** The obligation to make the Periodic Payments described in section b) above may be assigned to Independent Assignment Company (the "Assignee") and funded by an annuity contract issued by Independent Life Insurance Company (the "Annuity Issuer").

(Doc. 64, at 2-3). Upon review, I will also recommend that this language be included in any order approving the settlement.

## III.   RECOMMENDATION

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the Court:

1. **GRANT** Plaintiff's Renewed Petition to Approve Attorney Ad Litem Report (Doc. 58); and

2. **ENTER** an Order approving the parties' proposed settlement agreement (Doc. 64) which includes the above language required by the annuity issuer to fund the structured annuity.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.   **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.**

      Recommended in Orlando, Florida on October 21, 2021.


LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record